**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RENEE WASHINGTON and
NOEL WASHINGTON**                                                                                    **PLAINTIFFS**

**v.**                                                       **4:08-CV-00210-WRW**

**DOC HOLLADAY, et al.**                                                                           **DEFENDANTS**

<u>**ORDER**</u>

Pending are Defendants' Motions to Dismiss (Doc. Nos. 7, 9). Plaintiffs have responded to both motions.[1]

**I.    BACKGROUND**

In January, 2008, Wilson & Associates, PLLC commenced a non-judicial foreclosure on property owned by Plaintiffs.[2] According to the Complaint, Plaintiffs' mortgage agreement with New Century Mortgage Company contained a mandatory arbitration agreement, and Defendants failed to act under the arbitration agreement.[3] Plaintiff also contend that the Pulaski County Circuit Court did not comply with Rule 54 of the Arkansas Rule of Civil Procedure, and therefore, the writ of possession issued by the Pulaski County Circuit Clerk was not valid, and was unconstitutional and unenforceable.[4] Although the County Clerk issued a writ of

---

[1]Doc. Nos. 11, 13.

[2]Doc. No. 1.

[3]*Id.*

[4]*Id.*

possession, Wilson & Associates cancelled the public sale and Plaintiffs are still in possession of the property.[5] There are no allegations that Sheriff Holladay ever took any action on the writ.[6]

Plaintiffs' Complaint alleges the following: (1) discrimination under § 1981, § 1982, and § 1983, and violations of the National Housing Act; (2) that Wilson & Associates failed to offer them the opportunity to rent or lease HUD's property; and (3) that County Clerk O'Brien failed to give notice and an opportunity to be heard in the issuance of the writ.[7] Plaintiffs request an injunction, declaratory judgment, monetary and punitive damages, and attorney's fees.[8]

## II.  DISCUSSION

Under *Rooker-Feldman*, federal courts, other than the United States Supreme Court, do not have subject matter jurisdiction to hear challenges to state court judgments.[9] If a "federal claim succeeds only to the extent that the state court wrongly decided the issue before it," the claim may not be heard by the federal court.[10] The Eighth Circuit has held:

> A federal district court has jurisdiction over general constitutional challenges if these claims are not inextricably intertwined with the claims asserted in state court. A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling.[11]

---

[5] Doc. No. 12.

[6] Doc. No. 8.

[7] Doc. No. 1.

[8] *Id.*

[9] *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000).

[10] *Id.*

[11] *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).

Plaintiffs' claims -- including those brought under federal law -- stem from a state foreclosure action that apparently was initiated, but never completed. To grant Plaintiffs' relief would effectively amount to a reversal of the state court's decisions. Accordingly, under the *Rooker-Feldman* doctrine, this court lacks jurisdiction to review Plaintiffs' claims.

## CONCLUSION

Because this court lacks jurisdiction under the *Rooker-Feldman* doctrine, this case is DISMISSED without prejudice. Accordingly, all pending motions are DENIED as MOOT.

IT IS SO ORDERED this 30th day of July, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE